IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY LEE COLLINS,

    **Plaintiff,**

    v.                                        CASE NO. 25-3077-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the Winfield Correctional Facility in Winfield, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On July 14, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a Notice of Change of Address (Doc. 12) advising the Court that he was released from prison on August 25, 2025, for post-release supervision purposes. This matter is before the Court on Plaintiff's response (Doc. 11) to the MOSC.

Plaintiff alleges that he has overserved his sentences in Case No. 21CR1345 (the "2021 Case") and Case No. 18CR2631 (the "2018 Case"). (Doc. 9, at 2.) Both are criminal cases brought in the District Court of Sedgwick County, Kansas. Plaintiff states that he is not attempting to invalidate either criminal sentence. *Id*.

Plaintiff alleges that he did not receive all of his jail time credit, and that some of his jail time credit was misapplied to a "suspended" and "unrevoked" sentence. *Id*. at 10. He also alleges that his good time credit was misapplied. *Id*. Plaintiff claims that Sheriff Easter failed to forward all of the jail time credit to Assistant District Attorney Chotimongkol. *Id*. Plaintiff alleges that he

1

served an additional 116.5 days (101 days of jail credit plus 15% good time credit) in both the 2021 Case and 2018 Case. *Id.*

The Court found in the MOSC that: a § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence; Plaintiff is currently incarcerated and it is unclear whether Plaintiff received credit for any time that he allegedly overserved; the KDOC is not a proper defendant and official capacity claims against state officials are barred by sovereign immunity; any claim for damages under K.S.A. § 60-5004 would be subject to dismissal based on the reasoning set forth in *O'Quinn v. Kelly*, Case No. 23-3117-TC-BGS, Doc. 57, at 14 (D. Kan. July 1, 2025); prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken in initiating a prosecution and in presenting the State's case; to establish municipal liability a plaintiff must demonstrate the existence of a municipal policy or custom and demonstrate a direct causal link between the policy or custom and the injury alleged; and only when a municipality's failure to train employees evidences a deliberate indifference to the rights of inhabitants can a failure to train be considered a city policy or custom that is actionable under § 1983.

The Court ordered Plaintiff to show good cause why his official capacity claims, claims against the KDOC, claims under K.S.A. § 60-5004, claims against ADA Chotimongkol, and claims against the Sedgwick County, Kansas, Board of Commissioners, should not be dismissed for the reasons stated in the MOSC. (Doc. 10, at 10.)

The Court also directed Plaintiff to respond as to whether or not any of his state court proceedings remain pending. *Id.* at 10–11. The Court noted that online records show that Plaintiff's criminal proceedings may be pending on appeal. *See State v. Collins*, Case No. 2021CR001345 (District Court of Sedgwick County, Kansas). The docket for the 2021 Case

shows that the case is pending on appeal. Plaintiff has also filed a state habeas action related to the 2021 Case. *See Collins v. State*, Case No. 23CV300251 (District Court of Sedgwick County, Kansas). On July 30, 2024, the district court denied Plaintiff's K.S.A. 60-1507 motion, noting that Plaintiff indicated that his motion originated from 21CR1345, but also made arguments regarding 18CR2631 and 15CR2717. *Id.* at July 30, 2024 Memorandum and Order Denying Motion Pursuant to K.S.A. 60-1507. The court noted that:

> Although[] movant indicates this motion emanates from 21CR1345, movant alleges he was "unlawfully seized of his person in violation of the Fourth Amendment to the United States Constitution" in 15CR2717. Movant essentially claims his conviction of aggravated assault of a law enforcement officer in 15CR2717 was improper, and he should never have been on parole which led to 18CR2631. Additionally, he should have never been required to register which led to 21CR1345.
> Movant's motion is untimely, and is an improper collateral attack on his conviction in 15CR2717. Movant is not entitled to relief. The court denies his motion without appointing counsel or conducting an evidentiary hearing.

*Id*. at p. 2–3. Plaintiff appealed the denial of his 60-1507 motion, and the docket reflects that the case is currently pending on appeal. Plaintiff also has another state 60-1507 action that shows it is pending on appeal. *See Collins v. State*, Case No. 2019-CV-001777 (District Court of Sedgwick County, Kansas). The Court found in the MOSC that to the extent Plaintiff's claims relate to his state court proceedings in Sedgwick County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

Plaintiff's response addresses the deficiencies noted in the MOSC as follows: he argues that § 2241 could not provide a proper remedy because he has already overserved his sentences; he argues that he has not received credit on another sentence for any time that he allegedly overserved; he states that he is only alleging individual-capacity claims; he agrees to voluntarily

3

dismiss his claim under K.S.A. § 60-5004; he argues that the prosecutor is not entitled to immunity because he was not initiating a prosecution or presenting the State's case when he was calculating the jail time credit; and he argues that municipal liability should apply because the case involves a policy or custom of the Board of County Commissioners regarding jail time computation and the forwarding of jail credit decisions. (Doc. 11, at 3–14. )

Plaintiff also addresses his pending state court proceedings in his response. *Id*. at 14–16. He acknowledges that his state court proceedings are pending, but argues that *Younger* abstention should not apply because he is not seeking a federal injunction to enjoin the proceedings and this Court's ruling would not interfere with his ongoing state court proceedings. *Id*. at 15. Plaintiff also argues that he is seeking monetary damages instead of a speedier release, and therefore the state court cannot provide a proper remedy. *Id*. at 16. Therefore, he argues that if the Court applies *Younger* abstention, the Court should stay this case and his claims for monetary relief pending the resolution of his ongoing state court proceedings. *Id*.

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). The Court does not find extraordinary circumstances warranting an exception to *Younger* abstention.

4

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  A claim for monetary relief may be stayed pending the resolution of the pending criminal charges.  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

The Court will stay this case pending resolution of Plaintiff's ongoing state court proceedings.  Plaintiff should notify the Court when all of his state court proceedings have concluded.

**IT IS THEREFORE ORDERED BY THE COURT** that the matter is **stayed** pending resolution of Plaintiff's pending state court proceedings.  Plaintiff should notify the Court when all of his state court proceedings have concluded.

**IT IS SO ORDERED**.

Dated September 11, 2025, in Kansas City, Kansas.

                                                          <u>S/  John W. Lungstrum</u>
                                                          **JOHN W. LUNGSTRUM**
                                                          **UNITED STATES DISTRICT JUDGE**