FILED
U.S. District Court
District of Kansas
02/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY LEE COLLINS,

    **Plaintiff,**

    v.                                                  CASE NO. 25-3077-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the Winfield Correctional Facility in Winfield, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On July 14, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a Notice of Change of Address (Doc. 12) advising the Court that he was released from prison on August 25, 2025, for post-release supervision purposes. On September 11, 2025, the Court entered a Memorandum and Order (Doc. 13) ("M&O") staying this case pending resolution of Plaintiff's pending state court proceedings. The M&O provides that "Plaintiff should notify the Court when all of his state court proceedings have concluded." (Doc. 13, at 5.)

    The Court's M&O was mailed to Plaintiff at his address of record and was returned to the Court as undeliverable with a notation that Plaintiff was no longer at this address. (Doc. 14.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Plaintiff failed to

provide the Court with a Notice of Change of Address and failed to notify the Court regarding his state court proceedings. Therefore, on January 14, 2026, the Court entered an Order to Show Cause (Doc. 15) ("OSC") granting Plaintiff until January 29, 2026, to show good cause why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). The Court's OSC was returned as undeliverable with a notation that Plaintiff was no longer at this address. (Doc. 16.)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated February 2, 2026, in Kansas City, Kansas.

                            **S/ John W. Lungstrum**
                            **JOHN W. LUNGSTRUM**
                            **UNITED STATES DISTRICT JUDGE**